ROBERT A. WARD V. JAMES B. ELDREDGE, CIRCUIT JUDGE OF MACOMB COUNTY.

DIVORCE—APPOINTMENT OF GUARDIAN AD' LITEM FOR INFANT DEFENDANT.

Relator applied for *mandamus* to compel the respondent to vacate an order for temporary alimony made upon the petition of an infant defendant. An order to show cause was denied.

*Henry P. Jenney*, for relator, contended:

1. That the order directing the payment of· alimony and expense money is void because not entered with jurisdiction; citing How. Stat. § 8130, which provides that after the issuance and service of process against any infant defend-,ant the suit shall not be any further prosecuted until a guardian for such infant shall have been appointed.

2. That the relator having objected to 'the regularity of the proceedings on the ground of a non-compliance with said statute, the respondent refused to hear the petition, after which in a proceeding on the law side of the court, as shown by the order, an attorney and solicitor of the court was appointed such guardian; that there is grave reason for holding that the appointment of an attorney as guardian *ad litem* is void; citing 10 Amer. & Eng. Enc. Law, 688; that waiving this objection, the order of appointment does not show that it was made by the circuit court for Macomb county, in chancery, is not properly entitled in the cause, and is notice to no one of the appointment.

[The order purports in its entitlement to have been made in a suit pending in the circuit court for the county of Macomb, following, in this respect, the petition for the appointment of a guardian. Editor.]

3. That ·in the case of *Cooper v. Mayhew*, 40 Mich. 528, the petition for alimony was filed by the guardian, and the Court seems to have approved the practice; and in *Wood v. Wood*, 2 Paige, 108, it was held that if the wife is an infant she must prossecute or defend by her guardian *ad litem*. See, also, 10 Amer. & Eng. Enc. Law, 686–693, and notes.

4. That there was nothing before the court upon which to base an order for alimony and expense money; that while the court has great discretion in making such allowances, still there must be something upon which to base said discretion; that no copy of the answer and cross-bill, as refiled by the guardian, had been served upon relator or his solicitor;¶ hence there was no denial of the charges made against the defendant in the bill, and without this there was nothing which the court could consider upon the hearing except the bill, as no affidavit accompanied the petition, which did not deny the truth of the matters as alleged in the bill; that without service of the answer or cross-bill, as provided by Chancery Rule No. 61, the court could not consider the allegations of those pleadings upon the hearing.

The facts as alleged in the petition for *mandamus* were:

1. That relator filed a bill to obtain a divorce, his wife being at the time an infant of the age of 19 years; that a *subpoena* to appear and answer was served on the defendant; that defendant caused her appearance to be entered by Canfield & Spier, her solicitors, and filed an answer and cross-bill, entitled, "The several answer and cross-bill of Alice M. Ward, the defendant in the above entitled cause;" that said pleadings were signed and verified by the defendant in her own behalf, as was a petition for the allowance of temporary alimony and expense money by her filed on the same day; that relator objected to the hearing of said petition on the ground that defendant was a minor, and no guardian *ad litem* had been appointed for her in said suit, which objection was sustained, and an order made denying the relief prayed for.

2. That four days later the defendant filed a petition, duly verified, in which she asked for the appointment of one of her solicitors as guardian *ad* litem to appear ; and defend said suit,` which request was granted, and an order made accordingly.

3. That on the same day said guardian *ad litem* took from the files in said case said answer and cross-bill, and after the title of the cause, "Robert A. Ward Complainant, v. Alice M. Ward, defend

ant," and the paragraph, "The several answer and cross-bill of Alice M. Ward, the defendant in the above-entitled cause, to the bill of complaint filed therein by said complainant," inserted in writing "And the answer of Alice M. Ward, an infant under the age of 19 years, together with her cross-bill, by Silas B. Spier, her guardian, to the bill of complaint filed herein by the complainant," and at the conclusion of the said answer, below the signature of Alice M. Ward, the said Spier signed the said original answer and cross-bill as follows, "Alice M. Ward, an infant, by Silas B. Spier, her guardian," and filed the same in the office of the register in chancery for the county of Macomb.

4. That on the same day defendant's solicitors served upon relator's solicitor a notice to the effect that an order had been entered appointing said Spier guardian of the defendant; that the answer and cross-bill theretofore filed had been refiled by said guardian, and that the petition (for alimony) theretofore filed in said cause would be brought on for hearing on a day named in said notice.

5. That on the day fixed in said notice, said petition was called up for hearing by Canfield & Spier, who claimed to act for said defendant; that relator objected to said hearing because:

*a*—The petition was not filed by the guardian *ad litem*.

*b*—The petition the court was asked to hear was filed by the defendant in her own behalf prior to the appointment of the guardian *ad litem*.

*c*—No copy of the petition was served, with the notice of hearing of the same. (It was conceded that a copy of the petition was served on relator's solicitor at the time the first notice of hearing was given, but that no copy of the answer and cross-bill, as indorsed and refiled for defendant by said Spier, had been so served.) That despite said objections the prayer of the petition was granted, and an order made that relator pay to said guardian *ad litem* or to defendant's solicitors, the sums of money allowed for solicitor's and witness' fees, and to said

guardian *ad litem* the sum allowed for the maintenance of said defendant during the pendency of said suit.